UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAVID MOORE and VERONICA MOORE, | |
| Plaintiffs, | NO. CIV. S-04-0423 FCD JFM |
| v. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

----oo0oo----

This matter is before the court on plaintiffs David and Veronica Moore's ("plaintiffs") motion for reconsideration and/or motion for relief from judgment. By the motion, plaintiffs request that the court vacate the judgment, entered June 9, 2005, in favor of defendant United States of America; said judgment was entered pursuant to the summary grant of defendant's motion for summary judgment based on plaintiffs' failure to file an opposition thereto.

The court heard oral argument on the instant motion on August 12, 2005. It hereby DENIES plaintiffs' motion as they have not demonstrated any grounds for relief, namely any

1

"extraordinary circumstances" which would justify relief.  The judgment previously entered in defendant's favor is affirmed.

**BACKGROUND**

On March 29, 2005, defendant filed a motion for summary judgment, or alternatively, summary adjudication.  (Docket #10.)  Pursuant to Eastern District of California Local Rule ("L.R.") 3-135, the motion was served electronically, through the court's server, on plaintiffs' counsel at the same time it was filed.  (Notice of Electronic Filing ["NEF"], Ex. A-2 to Def.'s Opp'n., filed July 26, 2005.)  Plaintiffs' counsel, William C. Callaham ("Callaham") is registered with the court for electronic filing.[1] In the process of registering, he expressly consented to be served electronically; he expressly waived all other forms of service; and he expressly acknowledged that service is complete upon transmission of a notice of electronic filing.  (L.R. 3-135(g)(1); Ex. A-1 to Def.'s Opp'n[2].)

---

[1]   While Callaham does not specifically recall registering in the court's electronic filing system, the court confirmed his registration which took place on November 23, 2004.  Additionally, while he claims to have never received a password for the court's system, the court confirmed that on December 3, 2004, he was sent an e-mail from the court, at the address he provided when registering, providing him with his password.  The court did not receive a "failed delivery" response to this e-mail.

[2]   Exhibit A-1 is a copy of the standard "electronic case file system (ECF) registration" form for attorneys in the Eastern District. In order to register for online filing, the attorney is required to check a box stating "I accept the above rules and guidelines," which include: (a) that registration constitutes consent to receive service electronically and waiver of the right to receive personal service or service by mail; (b) that this waiver of mail service *includes notice of the entry of an order or judgment*; and (c) that "[s]ervice by electronic means is complete upon transmission of the Notice of Electronic Filing." (Emphasis added.)

2

The motion was initially noticed for hearing on April 27, 2005. However, on March 29, the court issued a minute order postponing the hearing, due to the unavailability of the court, until May 27, and directing the parties to submit briefs on the schedule dictated by L.R. 78-230. (Minute Order, filed March 27, 2005, Ex. A-3 to Defs.'s Opp'n.) This minute order also was served electronically on Callaham at the e-mail address he had registered with the court. (NEF, Docket #12, entered March 29, 2005.)

Local Rule 78-230 required plaintiffs to file either an opposition or notice of non-opposition to the motion for summary judgment no later than May 13, 2005 (fourteen days before the hearing date of May 27). However, as of May 16, they still had not filed a response. Therefore, pursuant to its order of May 17, 2005, the court: (a) continued the hearing on the motion to June 10, (b) ordered plaintiffs to file an opposition or statement of non-opposition by May 27, and (c) ordered Callaham to show cause why sanctions should not be imposed for his violation of Rule 78-230 and the order of March 29. (Amd. Order & OSC re Sanctions, filed May 17, 2005.) This second continuance of the summary judgment hearing required the court to postpone the final pretrial conference (previously set for June 25) to July 29, 2005. (Id.) Again, this order was served electronically on Callaham at the e-mail address he had registered with the court. (NEF, Ex. A-4 to Def.'s Opp'n.)

Plaintiffs again did not comply; indeed no response whatsoever was received by the court. However, rather than immediately issue a sanctions order, the court directed his

3

1  Courtroom Deputy Clerk to telephone Callaham to give him an
2  additional opportunity to respond to the court's orders.  Early
3  on Tuesday morning, May 31, the Deputy Clerk telephoned Callaham
4  to verbally order a response.  The Deputy Clerk spoke with
5  Callaham's legal assistant and specifically directed her to
6  inform Callaham to file a response or call the court by noon.
7  (Sanctions Order & Further OSC, filed June 1, 2005 at 1 n.1.)
8  Callaham was advised of the court's call on that date because
9  shortly after the call, Callaham telephoned defendant's counsel
10 inquiring about the pending motion and the order to show cause
11 and told him that a "court clerk" had directed him to file a
12 response by noon that day.  (Callaham Decl., filed June 21, 2005,
13 ¶s 25-26; Shelledy Decl., filed July 26, 2005, Ex. A, ¶ 2.)
14 Defendant's counsel offered to prepare copies of the summary
15 judgment motion and the May 17 order to show cause for Callaham.
16 Later that day, Callaham had a runner pick up the copies of the
17 motion and order from defendant's counsel's office.  (Shelledy
18 Decl., ¶ 3.)
19     No response nor motion for continuance was filed nor other
20 contact made with the court by Callaham or anyone from his office
21 on May 31.
22     On the following day, June 1, having received no response to
23 the order to show cause or the motion for summary judgment (as
24 due May 27) or the phone call to Callaham's assistant, the court:
25 (a) imposed sanctions of $150.00 on Callaham, (b) ordered him to
26 show cause why further sanctions should not be imposed for
27 noncompliance with the court's prior orders, (c) directed him to
28 file a declaration within 30 days attesting to his compliance

4

with the order, (d) directed plaintiffs to file an opposition or statement of non-opposition to the summary judgment motion on or before June 8, 2005, and (e) specifically warned plaintiffs that failure to file an opposition by June 8 "will result in the summary grant of the motion."[3]  (Sanctions Order & Further OSC, filed June 1, 2005.) This order was served electronically on Callaham at the e-mail address he had registered with the court. (NEF, Ex. A-5 to Def.'s Opp'n.)  There was no response from Callaham to this order by June 8.

As a result, on June 9, 2005, the court granted defendant's motion for summary judgment and further sanctioned Callaham $300.00.  In addition, the court thereupon entered judgment in favor of defendant. (Clerk's Judgm., entered June 9, 2005.)[4]

On June 9, 2005, Callaham paid the $150.00 sanction per the June 1 sanctions order.  Thereafter, on June 20, he filed the requisite declaration attesting to review of the Local Rules, and

---

[3]  Essentially the same warning appeared in the court's pretrial scheduling order: "Failure to comply with Local Rule 78-230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995)."  (Status (Pretrial Scheduling) Order at 3-4, filed June 14, 2004.)

[4]  Thereafter, on June 10, the court entered an order vacating the judgment as having been entered in error.  However, on June 14, the court reinstated the judgment, explaining that the order vacating it was based on a mistaken interpretation of defendant's motion as requesting only summary adjudication of discrete damages issues, whereas the motion actually, alternatively, requested summary judgment on the case as a whole. (Order re: Req. for Clarification, filed June 14, 2005.)

on June 21, he paid the $300.00 sanction per the court's order of June 9.

**STANDARD**

Plaintiffs bring the instant motion alternatively pursuant to Federal Rule of Civil Procedure 59(e)/L.R. 78-230(k), addressing motions for reconsideration, or Federal Rule of Civil Procedure 60(b), addressing motions for "relief from judgment or order." A district court may reconsider its grant of summary judgment under either rule. School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Here, the court finds that plaintiffs' showing is more amendable to analysis under Rule 60(b). Rule 59(e) generally considers whether reconsideration is appropriate due to "newly discovered evidence," "clear error" by the court, or an "intervening change in the law." Id. Such considerations are not directly applicable in this case. Rather, the matter falls more easily within a Rule 60(b) inquiry where reconsideration is appropriate upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." Id. at 1263 (internal quotations and citation omitted.) More specifically, category (1) or, generally, category (6) appear to apply most directly to the facts here.

**ANALYSIS**

Plaintiffs' counsel maintains that he first became aware of defendant's motion and the court's May 17 order to show cause on May 31, 2005. Prior to that time, he explains that he never

received, via electronic means, the motion papers or any notifications or orders from the court. Apparently, according to Callaham, said filings were "blocked by the automatic systems of [his computer]." (Mem. of P.& A., filed June 21, 2005, at 3:27.) He did not learn of these filings until after the Courtroom Deputy Clerk's telephone call on May 31. Thereafter he discovered that his "spam/junk mail blocker had blocked all e-mail from the court's domain," and that while he "un-blocked [the] domain and determined that five "communications" had been sent from the court but [were] blocked," he was, however, "unable to retrieve" the documents.[5] (Callaham Decl., filed June 21, 2005, ¶ 27.) Simply put, Callaham argues that his failure to file an opposition to the motion or to the court's orders was the result of "a lack of notice of [their] existence" caused by a mistake in the "transition to the [court's] electronic filing system." (Mem. of P. & A. at 2:24-25, 5:3.)

    While the court would prefer to simply accept Callaham's version of the facts, serious questions cast doubt on his explanation. First, when an e-mail is "blocked" from the court's domain, an e-mail response is generated back to the court indicating "failed delivery." No such e-mail responses were received by the court. Second, Callaham's protestations ignore his personal registration in the court's electronic filing system and his resulting professional obligations to his clients and the court. Through that process *he* registered the e-mail address

---

[5] It would seem that if Callaham were able to locate the court's domain in his "spam folder," he would have been able to open the relevant documents, but for some unexplained reason that was not possible.

7

1  used by the court and opposing counsel; he was thereafter sent a
2  confirming e-mail by the court, providing the court's e-mail
3  address, and a password for use of the system.  It was thus
4  Callaham's obligation to ensure that his computer system would
5  not "block" or otherwise "filter" court notifications of motions
6  and orders to some "unretrievable" folder.

7     Third, the court notes that Callaham's law firm consists of
8  some 20 attorneys, two of whom, besides Callaham, are registered
9  in the court's electronic filing system and have cases currently
10 pending in this court, yet they have not experienced any similar
11 problems with the court's electronic system nor, importantly, has
12 the court received any "failed delivery" responses from
13 Callaham's firm.  During oral argument, Callaham offered the
14 possible explanation that his "spam filter" may have had
15 "individualized settings" (despite supervision by the same
16 Information Technology ("IT") Manager for the firm utilized by
17 the other firm lawyers.)  Significantly, Callaham did not provide
18 the court with any documentation supporting this explanation nor
19 did he submit a declaration from the IT Manager to explain this
20 anamoly.

21    Importantly, Callaham argues that he was only "vaguely
22 aware" that the court converted to an electronic filing system in
23 January 2005.  After over a year of well publicized continuous
24 notices from the court to the bar of the January 2005 start date
25 for the electronic filing system, resulting in Callaham's own
26 registration in the system, this characterization of awareness
27 seems implausible.  Additionally, though he had been actively
28 litigating this matter he also claims surprise that any

1  dispositive motion was filed at the close of discovery.  That he
2  was surprised to find (apparently in June) that five
3  "communications," including a motion for summary judgment were
4  filed, since the inception of electronic filing in January
5  strains credulity.  How could a veteran litigator in a major
6  plaintiffs' firm not have anticipated such a motion or further
7  orders from the court at least from the close of discovery (March
8  15, 2005) and before the scheduled final pretrial conference
9  (June 24, 2005)[6]?

10      However even assuming justifiable ignorance of the motion
11 and orders, and the presence of some unique misapplication of
12 Callaham's spam filtering system, plaintiffs cannot prevail on
13 this motion.  Callaham admits he received notice of the motion
14 and the court's OSC on May 31, 2005 when his secretary "relayed
15 [the information] to me."  (Callaham Decl., ¶ 25.)  Indeed,
16 subsequent to the court's telephone call, Callaham contacted
17 defendant's counsel to inquire about the pending motion; he told
18 defendant's counsel about the court's telephone call and
19 specifically of his obligation to file a response with the court
20 by noon that day.  (Shelledy Decl., filed July 26, 2005, ¶ 2.)
21 As result of their conversation, defendant's counsel prepared
22 copies of the motion papers and the order to show cause which was
23 picked up by Callaham's runner later that day. (Id. at ¶ 3.)

24     Yet, despite evidence of *actual knowledge* of the May 17
25 order to show cause, the motion, and specific request of the

---

[6] As a result of the order to show cause the original date for the final pretrial conference was continued to July 29, 2005.

9

1 court for a response to its order, Callaham took no steps to
2 respond.
3    Thereafter, shortly after issuance, Callaham received the
4 June 1 order, electronically served on him, because the docket
5 reflects that on June 9, 2005, he paid the $150.00 sanction.
6 Subsequently, on June 20 and 21, 2005, respectively, he filed the
7 requisite declaration of compliance, that specifically referred
8 to the June 1 order, and the $300.00 sanction per the June 9
9 order.  Indeed, at oral argument he admitted that some time after
10 May 31 and before June 8, he knew that the court would summarily
11 grant defendant's motion if no response was received by June 8.
12 Despite this acknowledgment, Callaham chose not to respond by
13 June 8.
14    Callaham offers a variety of excuses for his conduct.
15    First, he attempts to explain his behavior by stating that
16 during this time, he was involved in a "very large, complicated,
17 wrongful death" trial in Sacramento Superior Court that "consumed
18 all of [his] working time and attention."  (Callaham Decl., ¶
19 25.)  He maintains that during the entirety of the trial (which
20 began in early May and concluded with a verdict on June 8, 2005),
21 he was working approximately "18 hours per day, including
22 weekends."  (Id.)  Assuming this to be true, it is not
23 justification for repeatedly ignoring court orders.  But the
24 statement is not true.  In fact, Callaham admitted at oral
25 argument that he was not in trial on Tuesday, May 31.  Moreover,
26 on that day, Callaham found time to have conversations with his
27 legal assistant and defendant's counsel, yet inexplicably could
28 not find time to contact the court or file a brief response or

10

request for continuance with the court. Indeed, he acknowledged the jury began deliberations in the wrongful death case on June 7; therefore, at that point, Callaham's presence in court was likely unnecessary. Finally, at a minimum, Callaham could have directed one of the firm's 20 attorneys or his legal assistant to inform the court of the situation. He did none of these things.

Second, he argues he did not contact the court because he believed he could obtain a "continuance of the motion and/or an agreement to resolve the case by settlement" *from defendant's counsel*. (Callaham Reply Decl., filed Aug. 5, 2005, ¶s 5-6.)

Third, he did not believe he could contact the court, "*ex parte*;" therefore, he chose not to respond to the court's orders.

Fourth, after discovering five "blocked" communications from the court, he did not make an effort to obtain those communications through PACER,[7] with which his firm is registered, because he did not know his password.

None of these above explanations justify Callaham's conduct. Rather, they simply raise more questions about his understanding of his obligations to his clients and the court.

Finally, Callaham revealed at the conclusion of oral argument, that he did not respond to the court's June 1 order because he believed, "at worst," the grant of defendant's summary judgment motion would result in only "a limitation of his clients' damages," not a complete dismissal of the case. Leaving aside this apparent lack of concern for his clients' interests,

---

[7] "PACER" (Public Access Court Electronic Records) is a fee based service available to the public, nationwide, providing access to court electronic records.

11

Callaham's thinking was dangerously off track.  Defendant's motion sought *summary judgement* and dismissal of the case.  Defendant's motion requested that:  "For the foregoing reasons, the Court should order that plaintiffs can recover no damages and dismiss the complaint . . . ."  (Mem. of P. & A., filed March 29, 2005, at 19.)  Callaham's calculated and losing gamble hardly meets the Rule 60(b) standard.

    In short, plaintiffs, through their counsel's own admissions and proffered excuses, fail to establish "mistake, inadvertence, surprise or excusable neglect" or otherwise "extraordinary circumstances" required to grant the motion.  Fed. R. Civ. P. 60(b).  While the result is harsh, where there is such obvious and complete disregard of the court's orders and the Local Rules, the court reluctantly finds it has no choice but to deny the motion.

## CONCLUSION

    Plaintiffs' motion for reconsideration/relief from judgment is DENIED.  The judgment entered on June 9, 2005 in favor of defendant is hereby affirmed.

    IT IS SO ORDERED.

DATED: August 17, 2005

                                        /s/ Frank C. Damrell Jr.
                                        FRANK C. DAMRELL, Jr.
                                        UNITED STATES DISTRICT JUDGE