IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MOORE and VERONICA MOORE, | Case No. CIV S-04-423 FCD JFM |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendants. | |
| _____/ | |

This matter is before the court on a motion to withdraw as counsel of record brought by the firm of Dreyer, Babich, Buccola & Callaham, LLP ("DBBC"), attorneys for plaintiffs David Moore and Veronica Moore ("plaintiffs" or the "Moores"). Plaintiffs oppose the motion, stating they do not consent to the withdrawal because they have been unable to find substitute counsel, and they would be prejudiced by the withdrawal because the case is in its final stages. For the reasons set forth below, the court GRANTS DBBC's motion.[1]

On July 29, 2002, David Moore was involved in a motor vehicle accident with a United States Postal Service truck being driven by Sylvester Richardson. On March 1, 2004, represented by DBBC, the Moores filed a complaint in this court for damages against the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

United States and Mr. Richardson. On March 29, 2005, the United States filed a motion for summary judgment. When plaintiffs failed to file an opposition, on May 16, 2005, the court continued the hearing on the motion for summary judgment to June 10, 2005, and issued an order to show cause ("OSC") to DBBC for plaintiffs' failure to timely respond to the motion. DBBC, again, failed to timely respond, either to the OSC or the motion for summary judgment.

As such, on June 1, 2005, the court issued a SANCTIONS ORDER AND FURTHER ORDER TO SHOW CAUSE, ordering DBBC to file plaintiffs' opposition or non-opposition to the motion for summary judgment by June 8, 2005 and directing that if DBBC failed to respond, the court would summarily grant the motion. DBBC did not respond, and on June 9, 2005, the court issued a SANCTIONS ORDER AND ORDER RE: MOTION FOR SUMMARY JUDGMENT in which the court granted the United States' motion for summary judgment. Pursuant to a later order of clarification, the court entered judgment in favor of the United States on June 14, 2005.

On June 21, 2005, plaintiffs filed a Notice of Motion for Reconsideration and/or Motion for Relief from Order of Judgment pursuant to Fed. R. Civ. P. 60(b). On August 17, 2005, the court denied the motion, finding plaintiffs failed "to establish 'mistake, inadvertence, surprise or excusable neglect' or otherwise 'extraordinary circumstances' required to grant the motion." (Mem. & Order, filed Aug. 17, 2005.) Plaintiffs appealed the dismissal, and on March 7, 2008, the Ninth Circuit reversed the court order's denying relief from judgment and remanded the case.

DBBC now moves to withdraw as plaintiffs' counsel, asserting two bases in support of its motion: (1) its retainer agreement with plaintiffs gives it the right to withdraw from the case upon giving up its claim to any fee, and (2) that an actual conflict of interest exists between itself and plaintiffs that prevents DBBC from continuing to represent plaintiffs. The conflict of interest has arose because plaintiffs have charged, and continue to charge, DBBC with having committed legal malpractice in the representation of plaintiffs in this action. Plaintiffs have retained Sacramento attorney Jacqueline McHaney of Thurbon & McHaney to represent

1  them in preparation for a legal malpractice lawsuit against DBBC.[2]

2  On April 23, 2007, Ms. McHaney sent DBBC a letter charging the firm with legal malpractice and enclosing a draft legal malpractice complaint. At that point, DBBC asserts it realized it needed to withdraw from further representation of plaintiffs due to the existence of an actual conflict of interest. However, it did not move to withdrawal because plaintiffs requested, through Ms. McHaney, that DBBC continue representing plaintiffs through the appeal to the Ninth Circuit. The parties entered into an "Agreement for Continued Representation," whereby plaintiffs and DBBC acknowledged the existence of the actual conflict of interest but agreed that DBBC should continue to represent plaintiffs through the expiration of the appeal. DBBC contends that the acknowledged conflict of interest prohibits it from further representation of plaintiffs, and that plaintiffs have known since early summer-2007 that DBBC would not continue to represent them after the appeal, and thus, there is no prejudice to plaintiffs.

Plaintiffs oppose the motion, stating they have been unable to find an attorney to substitute into the case. However, plaintiffs fail to describe what efforts they have made to find an attorney, and in particular, why Ms. McHaney can not take over the representation in this case. Plaintiffs also maintain they would be prejudiced by withdrawal because the case is at summary judgment and all that remains is the litigation of that motion and trial. Plaintiffs' inability to find substitute counsel does not provide grounds to deny the motion under these circumstances where an actual conflict of interest so clearly exists, and the court finds for the

---

[2]  DBBC's attorneys attest in declarations, filed in support of the instant motion, the following: Acting as the Moores' attorney, Ms. McHaney: (a) prohibited DBBC from communicating with plaintiffs between April 23, 2007, and February 15, 2008; (b) directed how plaintiffs' case would be handled commencing April 23, 2007 and during the pendency of the appeal, and did so in a manner that DBBC believed to be inconsistent with plaintiffs' best interest; and (c) instructed DBBC to take specific actions in this court after remand from the Ninth Circuit that DBBC believes to be not in plaintiffs' best interest, and inconsistent with its duties under the California Rules of Professional Conduct. DBBC is concerned that, should it be compelled to continue representing plaintiffs herein, recommendations or advice that it might provide to plaintiffs, which are inconsistent with Ms. McHaney's and/or plaintiffs' stated expectation for the handling and outcome of this case, will expose DBBC to a claim of breach of fiduciary duty.

3

1  reasons below, that plaintiffs will not be prejudiced by the withdrawal.

2  Local Rule 83-182(d) states the following:

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

DBBC has complied with the requirements of the local rule by noticing the instant motion, providing proof of service of the pending motion by mail to plaintiffs, and providing the court with plaintiffs' current address. The California Rules of Professional Conduct ("CRPC") apply in this court. *Id.* CRPC Rule 3-310(C) proscribes an attorney's continued representation of clients with whom the attorney has an actual conflict of interest. CRPC Rule 3-3700(B)(2) requires an attorney to withdraw from a client's representation where continued representation would result in violation of the CRPC.

Here, the court finds that an actual conflict of interest exists between DBBC and plaintiffs. Plaintiffs have threatened to sue DBBC for legal malpractice, not only for allegedly causing the case to be dismissed by this court, but also for acts/omissions that allegedly occurred in the case preparation. Plaintiffs have retained attorney McHaney to sue DBBC for malpractice. Nothing in the declaration of David Moore withdraws the claim for legal malpractice previously asserted by plaintiffs' lawyer. Further, plaintiffs, while represented by independent counsel (Ms. McHaney), acknowledged the existence of the actual conflict of interest when DBBC and plaintiffs entered into an agreement to have DBBC continue to represent the Moores though the pendency of the appeal to the Ninth Circuit. That agreement has expired by its express terms. The court finds that the threat of a legal malpractice suit by plaintiffs against DBBC creates an actual conflict of interest, warranting the grant of DBBC's motion. *People v. Horton*, 11 Cal. 4th 1068, 1106 (1995); *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998).

Finally, in California, withdrawal is proper when the client's interest will not be unduly prejudiced or delayed. *Ramirez v. Sturdevant,* 21 Cal. App. 4th 904, 915-16 (1994). In this case, the court finds that plaintiffs will not suffer prejudice, nor will the United States

suffer injustice or delay if DBBC is permitted to withdraw.  There will be no financial detriment to plaintiffs because DBBC has been handling the case on a contingency basis, and, by asserting its contractual right to withdraw, DBBC has abandoned its fee claim.  *Id.* at 914-15.  In addition, plaintiffs have apparently had some assistance in this matter by the law firm of Thurbon & McHaney, who have represented them related to the malpractice action since at least April 23, 2007.

Accordingly, for the reasons set forth above, DBBC's motion to withdraw as attorneys of record for plaintiffs is GRANTED. The Clerk of the Court is directed to add David and Veronica Moore, who now appear in this action *pro per*, to the service list; their address is 6458 Licton Pike, Goodlettsville, TN 37072.  As plaintiffs are now in *pro per*, the court refers this case to the assigned magistrate judge John Moulds for all further proceedings.  E.D. Cal. L.R. 72-302(c)(21).

IT IS SO ORDERED.

Dated: April 28, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE